IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL J. STOTTER
408 SW Monroe Ave., Ste. M210E
Corvallis, OR 97333

Plaintiff,

v.

UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT
Ronald Reagan Building
Washington, D.C. 20523

and

UNITED STATES DEPARTMENT OF STATE
2201 C Street NW
Washington, D.C. 20520

and

BROADCASTING BOARD OF GOVERNORS
330 Independence Ave., SW
Washington, D.C. 20237

Defendants.

Case No: 14-2156

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiff Daniel J. Stotter ("Plaintiff") brings this action seeking declaratory and

injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendants United States Agency for International Development ("USAID"), United States Department of State ("DOS") and Broadcasting Board of Governors ("BBG") in failing to provide Plaintiff with all non-exempt records responsive to FOIA requests sent to each of these federal agencies, seeking records pertaining to United States financial grants or funding directed to Pakistan based media organizations from January 1, 2007 to the present.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Daniel J. Stotter, is an individual who, at all times relevant herein, has resided in Corvallis, Oregon, which is located in Benton County, Oregon.

5. Defendants United States Agency for International Development, United States Department of State and Broadcasting Board of Governors are each federal agencies of the United States, and as such, are subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld

from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

### United States Agency for International Development

13. On or about April 10, 2014, Plaintiff sent a FOIA request to the United States Agency for International Development ("USAID") seeking agency records, from January 1, 2007 to the present date, seeking copies of all records or documents in the possession or control of USAID that list or describe any USAID or United States financial grants or funding directed to any Pakistan based media organizations for the purpose of supporting Pakistan related media projects.

14. On or about April 16, 2014, Alecia S. Sillah, Team Lead, Government Information Specialist for USAID, sent a letter to Plaintiff, acknowledging the agency's receipt of his April 10, 2014 FOIA request, and informing Plaintiff that this records request had been designated as USAID FOIA case number F-00218-14, and had been assigned to USAID Government Information Specialist Kimberly Frazier for the agency's processing of this FOIA request. Additionally, Plaintiff was also notified in this letter that the 20-day response time for this FOIA request would need to be extended because of

unusual circumstances, due to the fact that the agency would need to search and collect potentially response records at locations that were separate from the agency's office.

15. On or about May 08, 2014, Kimberly Frazier of USAID sent an email to Plaintiff notifying him that USAID was requesting an extension of time to gather and review responsive records for Plaintiff's April 10, 2014 FOIA request (F-00218-14).

16. On or about June 03, 2014, Kimberly Frazier of USAID sent an email to Plaintiff notifying him that Ms. Lynn Winston, the FOIA Liaison for USAID, would like to schedule a phone conference to discuss Plaintiff's April 10, 2014 FOIA request.

17. On or about June 03, 2014, Plaintiff sent an email to Kimberly Frazier's email, providing an available time for a phone conference with Ms. Lynn Winston that day request to discuss Plaintiffs April 10, 2014 FOIA request. Later, that morning, Plaintiff and Ms. Winston had a telephone conference to discuss Plaintiff's FOIA request to USAID.

18. On or about June 05, 2014, Kimberly Frazier of USAID sent an email to Plaintiff indicating that some potentially responsive records had been identified by the agency, which needed to be reviewed and cleared for release by USAID's FOIA office, and that documents which were cleared for release would be provided on a rolling basis.

19. On or about June 12, 2014, Plaintiff sent a letter to Kimberly Frazier of USAID requesting an approximate date that Plaintiff could expect to receive a final response from USAID to Plaintiff's April 10, 2014 FOIA request.

20. On or about August 28, 2014, Alecia Sillah, Team Lead Government Information Specialist for USAID, mailed Plaintiff an interim response to his April 10, 2014 FOIA request. Plaintiff was informed that USAID's Bureau for Democracy Conflict & Humanitarian Assistance (DCHA) office had conducted a search for responsive records for this FOIA request, and had located 213 responsive pages, which were provided along with this letter, of which 36 pages were released to Plaintiff in their entirety, and of which 177 pages were partially released, with portions redacted and withheld by the agency under claim of exemptions 5 U.S.C. § 552(b)(4) and (b)(6). This letter also informed Plaintiff that he had the right to appeal this First Interim Response within 30 days of the date of this letter. Lastly, Ms. Sillah's letter informed Plaintiff that this was not USAID's final response to his April 10, 2014 FOIA request, and that the agency was still awaiting additional actions from other USAID programs and offices for this FOIA request.

21. On or about September 10, 2014, Plaintiff emailed Alecia Sillah of USAID, in response to the agency's interim response of August 28, 2014, requesting the agency allow Plaintiff to defer appealing USAID's interim partial response to his FOIA request, and instead of appealing each partial decision by the agency for his FOIA request, allow Plaintiff to file an administrative appeal when the agency issued a final decision for this FOIA request. In this email, Plaintiff also indicated concerns as to the agency's authority for requiring an administrative appeal of a partial agency response to this FOIA request,

and requested that the agency provide any legal authority for requiring FOIA appeals of partial or interim agency response actions.  In addition, in this email, Plaintiff also indicated his objection to the agency's attempt to assert FOIA exemption (b)(6) privacy interests as to organizations identified in responsive records for this FOIA request, noting that only individuals can properly have protected privacy interests pursuant to this FOIA statutory exemption.

22.  On or about September 16, 2014, Plaintiff sent a follow-up email to Alecia Sillah and Kimberly Frazier of USAID, requesting a response from the agency to Plaintiff's September 10, 2014 email described above.

23.  On or about September 16, 2014, Lynn Winston, Chief, Information and Records Division for USAID, responded to Plaintiff, indicating that his emails had been forwarded to her, and that he could expect to receive a response within the next two days.

24.  On or about September 19, 2014, Lynn Winston of USAID sent an email to Plaintiff, confirming that USAID would allow Plaintiff to defer filing his administrative appeal for FOIA request No. F-000218-14 until there was a final USAID response to this FOIA request.

25.  On or about September 19, 2014, Plaintiff sent an email to Lynn Winston of USAID acknowledging the agency's agreement to allow Plaintiff to defer filing an administrative appeal until after a final decision on the FOIA request had been made. In this email, Plaintiff notified the agency that in deferring the filing of a FOIA appeal as to

the agency's partial response, that Plaintiff was not waiving any of his procedural rights as to this FOIA request pursuant to the FOIA statute, including his right to proceed to federal court under the "constructive exhaustion" provision of the FOIA statute if there was not a timely final response to this FOIA request. Plaintiff also noted in this email that he had not received a response to one issue raised in his September 10, 2014 letter, requesting that the agency provide the legal basis for its authority of requiring an interim administrative appeal to the agency's partial FOIA response actions.

26. As of the date of filing this action, Plaintiff has not received a final response from Defendant USAID to Plaintiff's April 10, 2014 FOIA request, nor copies of all non-exempt responsive records for this FOIA request.

**United States Department of State**

27. On or about April 10, 2014, Plaintiff sent a FOIA request to the United States Department of State ("DOS") seeking copies of agency records, from January 1, 2007 to the present date, that list or describe any Department of State or United States financial grants or funding directed to any Pakistan based media organizations.

28. On or about April 10, 2014, Plaintiff received an automated response from the State Department's FOIA request system, notifying Plaintiff that his FOIA request had been received by DOS.

29. On or about April 21, 2014, Plaintiff received a letter from DOS assigning Plaintiffs April 10, 2014 FOIA request as DOS Case Control Number F-2014-06512.

30. On or about June 12, 2014, Plaintiff sent a letter to the State Department, notifying the agency that it was in non-compliance with the statutory time-frame of FOIA by failing to timely respond to Plaintiff's April 10, 2014 FOIA request, and requested that the State Department provide the approximate date by which Plaintiff could expect to receive a final response to this FOIA request.

31. On or about September 3, 2014, Petra Nemeth, Senior Program Analyst with the State Department, sent an email to Plaintiff, suggesting that he modify his FOIA request to only the executive summaries of any grant records responsive to his April 10, 2014 FOIA request, rather then seeking the entirety of all grant records, in order to avoid potential issues concerning any proprietary portions of these records, and to avoid delays in the State Department's processing of this FOIA request.

32. On or about September 16, 2014, Plaintiff sent an email to Petra Nemeth, Senior Program Analyst with the State Department, confirming that it was acceptable to receive only the executive summaries of grants responsive to his April 10, 2014 FOIA request, rather then the entirety of the grant records, if this would help the agency to expedite providing responsive records for this FOIA request. In addition, Plaintiff requested that the State Department provide an update as to when he could expect to receive the records responsive to this FOIA request.

33. On or about September 19, 2014, Plaintiff sent a follow-up email to Petra Nemeth, Senior Program Analyst with the State Department, requesting a written

response to Plaintiff's September 16, 2014 email to that agency.

34. On or about September 23, 2014, Plaintiff received an email from Chris Barnes, of the State Department's FOIA Requester Service Center, informing Plaintiff that according to State Department electronic case notes, his April 10, 2014 FOIA request case was still open, and that the information he had provided had been forwarded to the agency analyst working on this FOIA case. This email further indicated that the agency's search for responsive records was still pending, and that the estimated completion date for this case was September, 2015.

35. As of the date of the filing of this action, Plaintiff has not received a final response, nor any responsive records from the DOS to his April 10, 2014 FOIA request to that agency.

**Broadcasting Board of Governors**

36. On or about April 10, 2014, Plaintiff sent a FOIA request to the Voice of America, a subdivision of the Broadcasting Board of Governors ("BBG"), seeking agency records, from January 1, 2007 to the present that list or describe any BBG or United States financial grants or funding directed to any Pakistan based media organizations.

37. On or about April 15, 2014, Andrew Krog, FOIA and Privacy Act Officer for BBG, mailed Plaintiff a letter acknowledging that the agency had received the Plaintiff's April 10, 2014 FOIA request, and had assigned this FOIA request as BBG Reference Number FOIA14-035. This BBG response letter further indicated that due to "unusual

circumstances" Plaintiffs FOIA request would require 10 extra business days, beyond the 20 day statutory time limit for making a FOIA determination. In addition, the BBG's response letter of April 15, 2014 also informed Plaintiff that his FOIA request had been determined to be a "Category I" commercial use fee category request, which required Plaintiff to be assessed charges to recover the agency's full direct costs of the search for and review of all requested documents, as well as the duplication costs of providing those records.

38. On or about May 2, 2014, Andrew Krog, FOIA and Privacy Act Officer for BBG, sent Plaintiff a letter indicating that the agency would need at least three months to complete its search and review of the records requested in his April 10, 2014 FOIA request to BBG. In addition, this letter indicated that Plaintiff would need to submit a pre-payment, in the sum of Twenty One Thousand, Seven Hundred and Twenty Dollars ($21,720.00) in fees for the agency's search, review and duplication associated with this FOIA request, and requested that if Plaintiff was still interested in the requested materials, he should submit a check for this amount to the BBG FOIA Office, payable to the U.S. Treasury, within thirty calendar days of this letter.

39. On or about May 28, 2014, Andrew Krog, FOIA and Privacy Act Officer for BBG, sent a letter to Plaintiff, stating that the estimated fees provided in the agency's prior letter of May 2, 2014 was not accurate, and indicating that Plaintiff would instead need to submit a prepayment in the sum of Eighteen Thousand, Two Hundred Dollars

($18,200.00) in fees for search, review and duplication associated with his FOIA request to the BBG, and requested that if Plaintiff was still interested in the requested materials, he should submit a check for this amount to the BBG's FOIA Office, payable to the U.S. Treasury, within thirty calendar days of this letter.

40.  On or about June 11, 2014, Plaintiff sent a letter to Andrew Krog and the BBG FOIA Office, stating that he would like to proceed with the FOIA request, and that he was enclosing a cashiers check in the amount of Eighteen Thousand, Two Hundred Dollars ($18,200.00) made payable to the United States Treasury as a pre-payment for the BBG's search, review and duplication fees associated with this FOIA request.  This letter further indicated that Plaintiff would like to receive the responsive records in a digital format, stored on a CD or other electronic storage device, and also requested that the agency inform Plaintiff if there were any "unusual circumstances" that would cause any further delays in processing this FOIA request, and that the agency provide Plaintiff with information as to the approximate date by which he could expect to receive a final response for this FOIA request.

41. On or about July 7, 2014, Plaintiff sent a letter to Mr. Krog and the BBG FOIA Officer to inquire as to the status of his April 10, 2014 FOIA request (BBG FOIA #14-035). In this letter, Plaintiff once again requested that the agency inform him if there were any "unusual circumstances" that would cause delay in responding to this FOIA request.

42. On or about July 22, 2014, Andrew Krog, FOIA and Privacy Act Officer for BBG, sent a letter to Plaintiff, providing an update as to his April 10, 2014 FOIA request (BBG FOIA #14-035). This letter indicated that the BBG was continuing its search for responsive records, and that the BBG's FOIA office had been informed that they would be receiving two boxes of responsive documents later that week. Mr. Krog 's July 22, 2014 letter further informed Plaintiff that the agency's FOIA office expected to receive four additional boxes of responsive records within the next 45 days. This letter further indicated that there were unusual circumstances causing delay in responding to this FOIA request, due to the need to search for and collect records from other locations, separate from the office that was processing the FOIA request, and also due to the need to search for, collect and examine a voluminous amount of records for this FOIA request. This letter informed Plaintiff that it was "impossible" to predict how long it would take the agency to review and process all of the documents for this FOIA request, but that the agency would be providing Plaintiff with periodic interim releases of records as batches of documents became finalized.

43. On or about September 16, 2014, Plaintiff sent a letter to Andrew Krog at the BGG's FOIA Office, requesting an update as to the approximate date by which the Plaintiff could expect to receive responsive records, and the approximate date by which a final response would be provided for his April 10, 2014 FOIA request to the BBG.

44. On or about November 24, 2014, Andrew Krog, FOIA and Privacy Act Officer for BBG, sent a letter to the Plaintiff stating that their office had received more then 8,000 pages of documents from the agency's record custodians, but that after reviewing these records, the FOIA office had determined that a substantial percentage of these records were not responsive to Plaintiff's April 10, 2014 FOIA request, and therefore the FOIA Office had directed the record custodians to review the documents they had retrieved, and remove any extraneous and non-responsive documents before processing by the FOIA office for final review and release.  This letter further informed Plaintiff that the agency did not have enough information to provide an update regarding an estimated completion date for this FOIA request, but would work to provide this information within the next several weeks.

45.  As of the date of filing this action, Plaintiff has not received a final determination, nor any responsive records from the BBG for his April 10, 2014 FOIA request to that agency.

## VII. CLAIMS FOR RELIEF

### First Claim: USAID Violations of FOIA

46. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 26 previously set forth herein.

47. Defendant USAID has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his April 10, 2014 FOIA request.

48. By failing to provide Plaintiff with all non-exempt responsive record to his FOIA request described in paragraph 47 herein, Defendant USAID has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

49. Unless enjoined by this Court, Defendant USAID will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 47 above.

50. Plaintiff is directly and adversely affected and aggrieved by Defendant USAID's failure to provide responsive records to his FOIA request described above.

51. Plaintiff has been required to incur costs and fees in this matter.

52. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Second Claim - United States Department of State Violations of FOIA**

53. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 27 - 35 previously set forth herein.

54. Defendant United States Department of State ("DOS") has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his April 10, 2014 FOIA request sent to that agency.

55. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 54 above, Defendant DOS has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

56. Unless enjoined by this Court, Defendant DOS will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 54 above.

57. Plaintiff is directly and adversely affected and aggrieved by Defendant United States Department of State failure to provide all responsive records to his FOIA request described in paragraph 54 above.

58. Plaintiff has been required to incur costs and fees in this matter.

59. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Third Claim - Broadcasting Board of Governors Violations of FOIA**

60. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 36 - 45 previously set forth herein.

61. Defendant Broadcasting Board of Governors ("BBG") has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his April 10, 2014 FOIA request sent to that agency.

62. Defendant BBG has violated FOIA by seeking to charge search and review fees for Plaintiff's April 10, 2014 FOIA request that are not allowable pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

63. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 61 above, Defendant BBG has denied Plaintiff's

right to this information as provided by law under the Freedom of Information Act

64. Unless enjoined by this Court, Defendant BBG will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 61 above.

65. Plaintiff is directly and adversely affected and aggrieved by Defendant Broadcasting BBG's failure to provide all responsive records to his FOIA requests described above, and by BBG's improper assessment of fees for this FOIA request that are not allowable pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

66. Plaintiff has been required to incur fees and costs in this matter

67. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant USAID has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his April 10, 2014 FOIA request.

2. Direct by injunction that USAID provide Plaintiff with all non-exempt responsive records to Plaintiff's April 10, 2014 FOIA request.

3. Declare Defendant Department of State has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his April 10, 2014 FOIA request.

4. Direct by injunction that the Department of State provide Plaintiff with all non-exempt responsive records to Plaintiff's April 10, 2014 FOIA request.

5. Declare Defendant Broadcasting Board of Governors has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his April 10, 2014 FOIA request, and by improperly requiring Plaintiff's payment of search and review fees for his April10, 2014 FOIA request.

6. Direct by injunction that the Broadcasting Board of Governors provide Plaintiff with all non-exempt responsive records to Plaintiff's April 10, 2014 FOIA request, and to waive and refund all search and review fees associated with this FOIA request as required by 5 U.S.C. § 552(a)(4)(A)(viii).

7. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

8. Provide such other relief as the Court deems just and proper.

DATED: This 21st day of December, 2014.

Respectfully submitted,

/S/

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**